**Joseph KATZ, Appellant,**

v.

**Alice MYERS, Appellee.**

**No. 1613.**

Municipal Court of Appeals for the District of Columbia.

Submitted March 21, 1955.

Decided May 13, 1955.

---

Lester D. Reber and Hamilton W. Kenner, Washington, D. C., for appellant.

Fred D. Durrah and William C. Darden, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This is an action in the nature of detinue brought by appellee, hereafter called tenant, against her former landlord, the appellant, hereafter called landlord. Tenant testified she occupied an apartment for which she paid rent on a weekly basis; that she was compelled to leave the city for a week and on her return could not gain entrance to her apartment because in her absence landlord had padlocked the door; that she requested landlord to remove the padlock and offered him the rent for the past week, which was in arrears, as well as the rent for the current week; that the landlord refused to remove the padlock unless she paid an additional $2 per day for each day she was late in payment of rent; that she refused to pay the additional sum and did not pay the rent, and landlord refused to permit her to enter the apartment or to remove her furniture and other household effects therefrom; that landlord thereafter leased her apartment, including her furniture and household effects, to another tenant. Tenant's testimony in some respects was contradicted by landlord, but the trial court accepted tenant's testimony and awarded her judgment for recovery of her furniture and personal property, and $150 for the use thereof plus $100 punitive damages.

On this appeal landlord does not question the judgment ordering return of the chattels—in his brief he says the chattels have been returned—but he challenges the money judgment on four grounds.

He first attacks the award of $150 for detention of the household goods as being excessive and unsupported by the evidence. The basis for this claim is the testimony of a witness for landlord that the total value of the goods was only $79, but it overlooks testimony of tenant that the value of the goods exceeded $380. Furthermore, damages for detention of personal property are not strictly limited to rental value, but are in their nature compensation to the owner for being wrongfully deprived of the use and enjoyment thereof.

Landlord's second point is that the award of punitive damages was error as a matter of law because he says his holding of tenant's personal property was a mere exercise of his right to a tacit lien for rent in

arrears, citing D.C.Code 1951, § 45–915. This argument overlooks the fact that landlord's detention was for the purpose of not only collecting the rent but also of collecting a penalty arbitrarily and illegally sought to be imposed by him.

The third and fourth points proceed on the assumption that tenant had abandoned her personal property and that landlord's detention was not only lawful but also was an effort on his part to protect tenant's property. This assumption is directly opposed to tenant's testimony which, as we have said, was accepted by the trial court.

We find no reason to disturb the judgment.

Affirmed.